# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN WHITENIGHT, | ) | |
| | ) | Civil Action No. 15 – 620 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | District Judge Arthur J. Schwab |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| MR. LOUIS FOLINO, *Superintendent* | ) | |
| *SCI Greene*, *et al.*, | ) | |
| | ) | |
| Respondent. | | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed.

### II. REPORT

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Shawn Whitenight pursuant to 28 U.S.C. § 2254, along with Motions to Appoint Counsel, Change Venue, and to allow for amendment capabilities. (ECF Nos. 1-4.) Petitioner sets forth thirty-six (36) claims in his habeas petition but the majority of the claims are not cognizable under habeas corpus.

According to public records, Petitioner was convicted after pleading guilty to Criminal Attempt (Kidnapping) and was sentenced to four to eight years incarceration followed by a period of twelve years probation. The Court of Common Pleas of Jefferson County imposed sentence on May 19, 2014. Petitioner did not appeal his judgment of sentence but did file a

"Petition for Modification of Sentence or Removal from Prison and Transfer to Hospital for Treatment" (referred to by Petitioner as his "PCRA petition") that was denied by the trial court on April 16, 2015. He amended that petition on April 28, 2015 (referred to by Petitioner as his "amended PCRA petition"), and it is still pending before the trial court.

Petitioner now requests that this Court grant him habeas relief in the form of time served and release from prison or a reduction of his sentence and probation. However, the majority of his claims are not cognizable on habeas review because they do not challenge his Petitioner's state-court conviction. Rather, they should be pursued in a civil rights action.

It is well settled that relief requested through a writ of habeas corpus is limited. See e.g., Learner v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); see also 28 U.S.C. § 2254(a) (providing that federal habeas jurisdiction permits the entertaining of "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). The Court of Appeals for the Third Circuit has explained that:

> whenever the challenge ultimately attacks the "core of habeas" – the validity of the continued conviction or the fact or length of the sentence – a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Learner, 288 F.3d at 542.

Here, a ruling in Petitioner's favor in all but a few of his claims would not change either the fact or duration of his conviction or sentence. Such claims include, for example, excessive force, selective prosecution, opening of legal mail in jail, retaliation, denial of medical treatment, strip searching, and denial of grievance forms. These claims are not cognizable in habeas.

With regard to Petitioner's claims that are cognizable, he has not yet exhausted his remedies in state court. Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *see also* O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). A petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c); *see also* Castille v. Peoples, 489 U.S. 346, 350 (1989). In other words, a petitioner must invoke "one complete round of the state's established appellate review process," in order to exhaust his remedies. O'Sullivan, 526 U.S. at 845.

While Petitioner's "PCRA petition" was recently denied, his "amended PCRA petition" has not yet been ruled on by the trial court. Moreover, the denial of this petition must be appealed to the Superior Court in order for Petitioner to exhaust his remedies. Therefore, the claims that are cognizable habeas claims in Petitioner's habeas petition are premature for habeas review.

To conclude, Petitioner is not permitted to combine both habeas and civil rights claims in one action. See Forrest v. Sauers, No. 3:CV-13-0067, 2013 WL 3097569, at *2 (M.D. Pa. June 8, 2013) ("Mr. Forrest has presented a hybrid action sounding in both civil rights and habeas. He cannot do so in a singular habeas action as his conditions of confinement claims seek monetary damages and do not call into question his sentence or conviction. As such, they do not sound in

3

habeas and must be pursued in a § 1983 action."). Petitioner should file a civil rights complaint if he wishes to pursue those claims that do not challenge the constitutionality of his state-court conviction. Petitioner may also refile his habeas petition after he has exhausted his state court remedies if not granted the requested relief. However, he should be aware that, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA"), Congress imposed a one-year limitations period applicable to state prisoners. See 28 U.S.C. § 2244(d).[1]

### III. CONCLUSION

For the aforementioned reasons it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2, the Petitioner is allowed fourteen (14) days from the date of service to file objections to this Report and Recommendation. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: May 14, 2015.

s/Lisa Pupo Lenihan<br>
Lisa Pupo Lenihan<br>
United States Magistrate Judge

cc: Shawn Whitenight
    LN-8561
    175 Progress Drive
    Waynesburg, PA 15370

---

[1] The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward the one-year limitations period. 28 U.S.C. § 2244(d)(2).