IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHAWN WHITENIGHT, )
) Civil Action No. 15 – 620
Petitioner, )
) District Judge Arthur J. Schwab
v. ) Magistrate Judge Lisa Pupo Lenihan
)
MR. LOUIS FOLINO, *Superintendent* )
*SCI Greene*, MS. KATHLEEN KANE, )
*The Attorney General of the State of* )
*Pennsylvania*, AND JEFFERY )
BURKETT, *The District Attorney for* )
*the County of Jefferson*, )
)
Respondents. )

## MEMORANDUM ORDER

On May 12, 2015, Shawn Whitenight ("Petitioner") petitioned the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Along with his petition, he filed Motions to Appoint Counsel, Change Venue, and to allow for amendment capabilities. (ECF Nos. 2-4.) The petition and motions were referred to United States Magistrate Judge Lisa Pupo Lenihan for review in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rules of Court 72.C and 72.D.

The Magistrate Judge's Report and Recommendation (ECF No. 5), filed May 14, 2015, recommended that the petition for habeas corpus be dismissed because the majority of the claims raised in the petition were not cognizable under habeas corpus and the claims that were cognizable had not yet been exhausted in the state courts. Petitioner was told that he was not permitted to combine both habeas and civil rights claims in the same action and that he could

1

pursue his claims that did not challenge his state-court conviction in a civil rights action. He was also informed that he could refile his habeas petition after he has exhausted his state court remedies if not granted the requested relief.

Petitioner filed written objections to the Report and Recommendation on May 27, 2015. (ECF No. 6). In addition to renewing his request for the appointment of counsel, he states that he submitted another PCRA application to the trial court on May 11, 2015, and that he received notice that counsel was appointed to represent him in those proceedings. Because it appears that Petitioner is in the process of exhausting his state court remedies, the claims in his petition that are cognizable under habeas corpus are not yet ripe for review, and since the remaining claims are not cognizable under habeas corpus, they cannot be brought in a petition pursuant to 28 U.S.C. § 2254. Accordingly, after a *de novo* review of the pleadings and the documents in this case, together with the Report and Recommendation and the objections thereto, the following Order is entered:

AND NOW, this 29th day of May 2015.

**IT IS HEREBY ORDERED** that the petition for writ of habeas corpus (ECF No. 1) is **DISMISSED**. If Petitioner wishes to pursue those claims in his petition that do not challenge his state-court conviction then he should do so by filing a civil rights complaint pursuant to 42 U.S.C. § 1093.

**IT IS FURTHER ORDERED** that the Motions to Appoint Counsel (ECF No. 2), Change Venue (ECF No. 4), and Petition Amendment Capabilities (ECF No. 3) are **DENIED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation (ECF No. 6) is adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

By the Court:

*Arthur J. Schwab*

Arthur J. Schwab
United States District Judge

cc: Shawn Whitenight
    LN-8561
    SCI Greene
    175 Progress Drive
    Waynesburg, PA 15370